UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GMAC MORTGAGE, LLC, formerly known as GMAC MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE AMAYA, MARIA ELENA MONTANO, and MAIRA ISABEL FLORES,<br><br>Defendants. | Case No.: 4:12-cv-05028-YGR<br><br>**ORDER DENYING APPLICATIONS TO PROCEED *IN FORMA PAUPERIS* AND REMANDING ACTION TO STATE COURT** |

Defendants Jose Amaya and Maria Elena Montano have filed Applications to Proceed *in Forma Pauperis*. (Dkt. Nos. 3 & 4.) Pursuant to 28 U.S.C. section 1915, a district court may authorize the commencement of a civil action *in forma pauperis* if the court is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). The court may deny *in forma pauperis* status, however, if it appears from the face of the proposed complaint that the action is frivolous or without merit. *O'Loughlin v. Doe,* 920 F.2d 614, 616 (9th Cir. 1990); *Tripati v. First National Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). In addition, federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12(h)(3); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*

Defendants removed this action on September 27, 2012. (Notice of Removal of Action under 28 U.S.C. Section 1441(b) ("Notice of Removal") (Dkt. No. 1).) Defendants assert that

Plaintiff's "state court action involve[s] several claims in which [*sic*] is based solely in Federal Law." (Notice of Removal at 2.) Specifically, Defendants contend that Plaintiff's claims are purportedly based on the Fair Debt Collection Practices Act ("FDCPA") and the Truth in Lending Act ("TILA"), and relate to a Consent Order issued by the Board of Governors of the Federal Reserve System Washington, D.C. as well as the Federal Deposit Insurance Corporation Washington, D.C. (*Id.*) Having reviewed the Notice of Removal and the state court complaint in this action (Dkt. No. 1), the Court **REMANDS** this action because it is without subject matter jurisdiction.

Pursuant to 28 U.S.C. section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under 28 U.S.C. section 1331, a district court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The burden of establishing federal jurisdiction is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (internal citations omitted). Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* at 566. A district court *must* remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Defendants' characterizations of the complaint as raising claims under FDCPA and TILA do not create a federal question. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. *Id.*; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense."). The federal question must be presented by the plaintiff's complaint as it stands at the time of removal. The record indicates that Plaintiff's state court complaint presents one state law claim for unlawful

2

detainer under California Code of Civil Procedure section 1161a.  The complaint is clearly captioned as a "Complaint for Unlawful Detainer" and does not allege any federal claims whatsoever.  Defendants' allegations in the Notice of Removal cannot provide this Court with federal question jurisdiction.

Moreover, there is no diversity jurisdiction in this matter.  The complaint indicates that the amount demanded is less than $10,000.  As such, removal to federal court cannot be based on diversity jurisdiction.  28 U.S.C §§ 1441(b) & 1332(a).

Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party.  *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994).  Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction.  *Id.*  Having failed to identify a basis for federal question jurisdiction, the Court must remand this action.

Accordingly, Defendants' Applications to Proceed *in Forma Pauperis* are **DENIED** and this action is hereby **REMANDED** to the Superior Court of the State of California, County of Alameda.  This Order terminates Dkt. Nos. 3 & 4.  The Clerk of this Court is further ordered to forward certified copies of this Order and all docket entries to the Clerk of the Alameda County Superior Court.

**IT IS SO ORDERED**.

Dated: November 26, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**